BLD-187                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3783
_____

JOSEPH WATSON,
                                        Appellant

v.

PAUL FISHER, Former Kitchen Food Service Manager;
REAM, Kitchen Supervisor;
THOMAS PAPUGA, Captain;
GLASS, Major;
SNYDER, Security Lieutenant;
JECHONECH, Kitchen Cook;
VERNEAU, Kitchen Cook;
TROY, Correction Security Officer;
CO RANDY PRATTS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00087)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
and for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed March 7, 2014)
_____

OPINION
_____

PER CURIAM

Joseph Watson, proceeding pro se, appeals from an order granting summary judgment in favor of the Defendants. For the following reasons, we will affirm.

Because we write primarily for the parties, who are familiar with the facts and procedural history, we recount only the essential facts. Watson is a prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC") in the State Correctional Institution at Somerset ("SCI-Somerset"). On April 3, 2009, he initiated the action pursuant to 42 U.S.C. § 1983 against several DOC employees at SCI-Somerset. Watson contended that the Defendants violated his rights as protected under the First, Fourth, Eighth, and Fourteenth Amendments in various ways from 2006 to 2009, while he worked in the kitchen at SCI-Somerset. Specifically, Watson alleged that he and several other inmates were targeted for invasive strip searches when they worked in the prison kitchen, and that after he filed formal grievances he became the target of ongoing harassment.

The Defendants filed a motion to dismiss Watson's complaint in the District Court, which granted the motion. Watson appealed. Upon review, we affirmed in part, vacated in part, and remanded. See Watson v. Sec'y Pennsylvania Dept. of Corr., 436 F. App'x 131 (3d Cir. 2011). We agreed with the District Court that Watson had failed to state claims under the Eighth and Fourteenth Amendments, but determined that his First Amendment retaliation and access to courts claims, as well as his Fourth Amendment claim pertaining to the strip searches, should have survived the motion to dismiss.

2

On remand, the District Court entered an order providing Watson with a period of time to file an amended complaint consistent with our opinion. Watson ultimately filed a second amended complaint on February 22, 2012. The Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this time seeking dismissal of Watson's access to courts claims. The District Court granted their motions on August 21, 2012. Thereafter, the District Court granted the Defendants' motions for summary judgment on Watson's remaining claims. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for failure to state a claim, as well as its grant of summary judgment, is plenary. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

The District Court properly dismissed Watson's access to courts claims. The second amended complaint alleged that the Defendants denied him access to the courts on two occasions. First, Watson alleged that he was unable to bring criminal charges against various DOC employees, including the kitchen staff, for their alleged actions because the Defendants confiscated evidence supporting his case during a cell search. Second, he claimed that he was unable to adequately file a federal habeas petition challenging his criminal conviction because some the documents that he needed to support the petition were left in "disarray" and "trashed" when he was moved to a different housing unit in the prison.

To establish a cognizable access-to-the-courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim. Lewis v. Casey, 518

U.S. 343, 352-54 (1996). Moreover, the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Id. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). Watson alleged that the combined actions of all of the named Defendants prevented him from pursuing a criminal prosecution against the DOC employees who participated in the strip searches. We agree with the District Court that Watson did not state an actual injury. Watson's claim that the Defendants' alleged actions affected his ability to pursue a criminal prosecution does not implicate one of the two types of cases enumerated in Lewis.

Watson also claimed that, during a move to a different housing unit at the prison, unspecified guards essentially rearranged documents that he kept in a footlocker, causing him to submit a 2008 habeas petition without all of the necessary supporting documents.[1] The District Court determined that Watson failed to state a viable access-to-the-courts claim under Lewis because he did not suffer any injury. However, even if he had, the claim was subject to dismissal because the second amended complaint failed to adequately allege and demonstrate personal involvement on the part of any of the named Defendants.

As we noted in our decision addressing Watson's earlier appeal, to be liable under § 1983, each individual defendant "must have personal involvement in the alleged

---

[1] Although Watson claimed that the documents were "trashed," based on his explanation in the complaint the documents were left in disarray but were not destroyed.

4

wrongdoing." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. These allegations must be made with appropriate particularity. Id. We agree with the District Court that no facts were alleged in the second amended complaint suggesting which Defendants, if any, were personally involved, or had actual knowledge and acquiesced, in the commission of this alleged wrong.[2] Dismissal was therefore appropriate.

We further conclude that the District Court properly granted the Defendants' motions for summary judgment on Watson's retaliation claim, as well as on his Fourth Amendment claim pertaining to the strip searches.

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Properly perfected exhaustion of administrative remedies is mandatory. Woodford v. Ngo, 548 U.S. 81, 93 (2006). To properly exhaust, a prisoner must bring his complaint to every level of the state's prison grievance system and follow all of its procedures. Id. at 85. An untimely or otherwise

---

[2] Because we affirm on this ground, we need not discuss whether Watson also failed to state a claim under Lewis.

procedurally defective administrative grievance or appeal results in a procedural default and does not satisfy the exhaustion requirement, thereby precluding an action in federal court. See Id., at 90-91 (proper exhaustion of administrative remedies means using all steps that the agency requires, and doing so properly so that the agency addresses the issues on the merits); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). Under DC-ADM 804, exhaustion requires three steps: the filing of an initial grievance; an appeal to the facility manager or superintendent; and an appeal to the Secretary's Office of Inmate Grievances and Appeals.

It is undisputed that Watson failed to properly exhaust his administrative remedies with respect to the two grievances that implicate the remaining claims.[3] He argues, however, that he could not exhaust his administrative remedies because prison officials failed to provide him with a means of appealing his grievances by depriving him of a copy of the prison handbook. Although exhaustion is mandatory, a prisoner must only exhaust remedies that are "available." 42 U.S.C. § 1997e(a). The availability of an administrative remedy is a question of law that we review de novo. Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002). An administrative remedy is unavailable when a prison official prevents a prisoner from pursuing the prison grievance process. See Mitchell v.

---

[3] In January 2008, Watson filed grievance number 214850, alleging that the pat searches constituted harassment and/or sexual harassment. In February 2008, Watson filed grievance number 217079, alleging that a misconduct report was issued against him in retaliation for having filed the earlier grievance.

Horn, 318 F.3d 523, 529 (3d Cir. 2003); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).

We agree with the District Court that the alleged failure to provide Watson with a copy of the grievance procedures did not preclude him from exhausting his administrative remedies. The record demonstrates that when Watson attempted to file an appeal of grievance number 214850, he submitted it to the wrong office. Rather than filing it with the Superintendent, as the procedure requires, he filed it with the Office of Inmate Grievances and Appeals. The appeal was returned to Watson with specific instructions that such appeals must be first filed with the Superintendent. Watson did not take any further action with regard to grievance number 214850, and he failed to appeal grievance number 217079 altogether.

Therefore, even if Watson did not have a copy of the prison handbook, he was made aware of the proper grievance process when he filed his first appeal. Watson has not provided copies of any documents suggesting that he attempted to perfect his appeal via proper channels, but was denied an opportunity to do so. Rather, the evidence strongly suggests that Watson abandoned the appeals. Summary judgment was therefore appropriate.[4]

---

[4]The District Court held in the alternative that the Defendants were entitled judgment as a matter of law on the merits of these claims. However, because we affirm on exhaustion grounds, we need not address this alternative holding.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.